IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NATIONWIDE INSURANCE CO., T/U/O AURELIANO VASQUEZ, | : | |
| | : | |
| Plaintiff, | | |
| | : | Civil Action No. L-02-4191 |
| v. | | |
| | : | |
| THE UNITED STATES OF AMERICA, *et al.* | | |
| | : | |
| Defendants. | : | |

…oOo…

### ANSWER OF DEFENDANT UNITED STATES OF AMERICA

Defendant United States of America ("Defendant"), by and through its counsel, Thomas M. DiBiagio, United States Attorney for the District of Maryland, and Neil R. White, Assistant United States Attorney for said district, hereby answers the Complaint as follows:

### Count I

1. Defendant admits the allegations set forth in paragraph 1 of the Complaint.

2. Defendant admits the allegations set forth in paragraph 2 of the Complaint.

3. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint.

4. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint.

5. Defendant admits the allegations set forth in the first sentence of paragraph 5 of the Complaint; the remaining allegations set forth in paragraph 5 of the Complaint are denied.

6. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint.

7. Defendant denies the allegations set forth in paragraph 7 of the Complaint.

8. Defendant admits only that Alphonso Saunders was an employee of the Department of Health and Human Services and was acting within the scope of employment at the time of the accident; the remaining allegations of paragraph 8 of the Complaint are denied.

9. Defendant denies the allegations set forth in paragraph 9 of the Complaint.

10. Defendant denies the allegations set forth in paragraph 10 of the Complaint.

11. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint. Defendant denies that Plaintiff is entitled to any of the relief it seeks in Count I of its Complaint.

## Count II

12. Defendant incorporates by reference each and every response set forth in paragraphs 1 through 11 of this Answer as though fully set forth herein below.

13. Defendant admits the allegations set forth in paragraph 13 of the Complaint.

14. Defendant denies the allegations set forth in paragraph 14 of the Complaint.

15. Defendant denies the allegations set forth in paragraph 15 of the Complaint. Defendant denies further that Plaintiff is entitled to any of the relief it seeks in Count II of its Complaint.

16. Defendant denies each and every allegation set forth in Plaintiff's Complaint not expressly admitted herein.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Court lacks subject matter jurisdiction over the Plaintiff's claim because Plaintiff failed to exhaust its administrative remedies under the Federal Tort Claims Act, which is an administrative prerequisite to this Court's jurisdiction over such a claim as specified in the Tort Claims Procedure, 28 U.S.C. §§ 2675, 2679.

### Second Affirmative Defense

Plaintiff fails to state a claim upon which relief can be granted.

### Third Affirmative Defense

Any and all damages sustained by Plaintiff were due to the fault, contributory negligence and/or assumption of the risk by Plaintiff or its insured.

### Fourth Affirmative Defense

The complaint is barred by the applicable statute of limitations.

### Fifth Affirmative Defense

Plaintiff's recovery is barred by intervening and/or superceding causes.

### Sixth Affirmative Defense

Plaintiff's recovery is barred by the contributory negligence of third parties for whom Defendant is not liable.

### Seventh Affirmative Defense

Insofar as Plaintiff has suffered any damages for which recovery may be permitted, such recovery is limited to the amount of damages claimed by Plaintiff in its administrative claim.

### Eighth Affirmative Defense

Insofar as Plaintiff has suffered any damages for which recovery may be permitted, the amount of any recovery for the subject accident must be reduced by the value of the pre-existing property damage to the insured's vehicle.

### Ninth Affirmative Defense

Plaintiff failed to mitigate its damages by paying to its insured the amount specified in the Complaint.

### Tenth Affirmative Defense

Defendant reserves the right to seasonably amend this Answer to assert additional affirmative defenses that may be revealed during discovery.

Wherefore, having fully answered, the United States of America asks the Court to:

(A)   Enter judgment that Plaintiff take nothing;

(B)   Dismiss Plaintiff's suit with prejudice;

(C)   Assess costs against Plaintiff; and

(D)   Award the United States of America all other relief to which it is entitled.

Respectfully submitted,

Thomas M. DiBiagio
United States Attorney


By:   / s /
Neil R. White
Assistant United States Attorney
Federal Bar No. 24273
6625 United States Courthouse
101 West Lombard Street
Baltimore, Maryland 21201-2692
410-209-4830