IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NATIONWIDE INSURANCE CO., T/U/O AURELIANO VASQUEZ, | : |
| | : |
| Plaintiff, | : |
| | : Civil Action No. WDQ-02-4191 |
| v. | : |
| THE UNITED STATES OF AMERICA, | : |
| | : |
| Defendant. | : |
| | : |

…oOo…

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Defendant, the United States of America,[1] through undersigned counsel, Thomas M. DiBiagio, United States Attorney for the District of Maryland and Neil R. White, Assistant United States Attorney for said district, respectfully submits this Memorandum in support of its Motion to Dismiss.

### I. FACTS AND PROCEDURAL HISTORY

This Federal Tort Claims Act ("FTCA") litigation arises out of a motor vehicle accident that occurred on February 15, 2000 on the grounds of the National Institutes of Health involving vehicles driven by Aurelio Vasquez, Plaintiff's insured, and Alphonso Saunders, an employee of the Department of Health & Human Services ("HHS" or "the agency") acting within the scope of his employment. *See* Complaint, ¶¶ 5, 8.

Plaintiff submitted an administrative claim with HHS on July 6, 2001 concerning the accident in the amount of $3,018.61. After Nationwide failed to provide evidence in response to the agency's

---

[1] By Order entered on April 4, 2003, the United States of America became the sole defendant to this action. *See* Document No. 10.

request, the claim was disallowed as abandoned on March 20, 2002. Exhibit 1. Nationwide filed a request for reconsideration, which was received by HHS on September 17, 2002. Exhibit 2. Without waiting for the HHS to take action on its request for reconsideration, Plaintiff prematurely filed this civil action on December 30, 2002. On March 7, 2003, the agency formally denied Nationwide's claim because of the institution of this lawsuit.

## II. ARGUMENT

### A. STANDARD OF REVIEW

In *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999), the Fourth Circuit described the standard of review in considering a challenge to the Court's subject-matter jurisdiction:

> The plaintiff has the burden of proving that subject matter jurisdiction exists. *See Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id.* The district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.*

*Accord Lumpkins v. United States*, 187 F. Supp.2d 535, 538 (D. Md. 2002) (citing *Williams v. United States*, 50 F.3d 299, 304 (4th Cir.1995)) (*"*When subject matter jurisdiction is challenged under the FTCA, the plaintiff bears the burden of persuasion and must establish an unequivocal waiver of [the government's sovereign] immunity with respect to his claim.")

**B.    PLAINTIFF'S FAILURE TO ALLOW HHS TO MAKE A FINAL DETERMINATION ON PLAINTIFF'S REQUEST FOR RECONSIDERATION DEPRIVES THIS COURT OF SUBJECT-MATTER JURISDICTION OVER THE COMPLAINT.**

When an administrative claim has been presented to a federal agency, 28 U.S.C. § 2675(a) <u>precludes</u> a claimant from filing suit during the six (6) month period within which the agency has to consider the claim, unless the agency has formally denied the claim. Once the administrative claim has been denied, 28 U.S.C. § 2401(b) <u>requires</u> a claimant to file suit within six (6) months or the action will be "forever barred."

Where, as here, the agency has sent notice of a final denial, the operative regulation provides that a claimant may seek <u>reconsideration</u> of the denial in certain circumstances:

> Prior to the commencement of suit and prior to the expiration of the 6- month period provided in 28 U.S.C. 2401(b), a claimant, his duly authorized agent, or legal representative, may file a written request with the agency for reconsideration of a final denial of a claim under paragraph (a) of this section. <u>Upon the timely filing of a request for reconsideration the agency shall have 6 months from the date of filing in which to make a final disposition of the claim and the claimant's option under 28 U.S.C. 2675(a) shall not accrue until 6 months after the filing of a request for reconsideration</u>. Final agency action on a request for reconsideration shall be effected in accordance with the provisions of paragraph (a) of this section.

28 C.F.R. § 14.9(b) (emphasis supplied). Thus, in the six (6) month period following a request for reconsideration, the claimant is precluded from filing suit. *E.g., Gervais v. United States*, 865 F.2d 196, 197 (9th Cir. 1988); *see also Clark v. United States*, 974 F. Supp. 895, 897 (E.D. Tex. 1996) (granting motion to dismiss where action filed less than six (6) months after plaintiff requested reconsideration of denial).

In the present case, the relevant timetable is undisputed. Plaintiff's administrative claim was denied on March 20, 2002. Inasmuch as Plaintiff did not commence this action until December 30,

2002 – more than nine (9) months after its claim was finally denied, suit would be forever barred under 28 U.S.C. § 2401(b), were it not for Plaintiff's filing of a request for reconsideration.

Plaintiff filed its request for reconsideration on September 17, 2002. Under the plain language of 28 C.F.R. § 14.9(b), Plaintiff was precluded from filing suit for six (6) months after it requested reconsideration. Directly contrary to this prohibition, Plaintiff filed its complaint on December 30, 2002 – a little over three (3) months after its reconsideration request had been lodged with HHS.

Under these circumstances, there can be no dispute that Plaintiff did not exhaust its administrative remedies before filing suit. Accordingly, the Court has no subject matter jurisdiction over Plaintiff's action and the Complaint must be dismissed. *E.g., McNeil v. United States*, 508 U.S. 106 (1993) (upholding dismissal of suit against Government where plaintiff had not exhausted available administrative remedies); *see also Henderson v. United States*, 785 F.2d 121, 123 (4th Cir.1986) (exhaustion requirement is "jurisdictional").

                Respectfully submitted,

                Thomas M. DiBiagio
                United States Attorney

                _____/s/_____
                Neil R. White
                Federal Bar No. 24273
                Assistant United States Attorney
                6625 United States Courthouse
                101 West Lombard Street
                Baltimore, Maryland 21201-2692
                (410) 209-4830
                (410) 962-2310 (fax)

                Counsel for Defendant

OF COUNSEL:
Elizabeth Jordan Gianturco
Chief, Claims and Employment Law Branch
Office of the General Counsel
Department of Health & Human Services
330 Independence Avenue, S.W.
Room 4760 Wilbur J. Cohen Federal Building
Washington, D.C.  20201